# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| CYNTHIA BRINKLEY, : | |
| : | |
| Claimant, : | |
| : | |
| v. : | CASE NO. 3:09-CV-107 (CDL) |
| : | Social Security Appeal |
| MICHAEL ASTRUE, : | |
| Commissioner of Social Security, : | |
| : | |
| Respondent. : | |

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's application for a period of disability and disability insurance benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The court's role in reviewing claims brought under the Social Security Act

is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth*, 703 F.2d at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46, 48 (5th Cir. 1973) (per curiam). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981). A claimant seeking Social Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1, *et seq*.

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

2

Under the regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled. 20 C.F.R. § 404.1520, app. 1, pt. 404. First, the Commissioner determines whether the claimant is working. If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. Next, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations (the "Listing"). Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

I. **Whether the ALJ erred in determining Claimant's residual functional capacity by failing to properly consider the opinions of the treating and evaluating physicians.**

II. **Whether the ALJ erred at Step Five in relying on the Vocational Expert's testimony which was inconsistent with the DOT.**

## Administrative Proceedings

Claimant protectively filed applications for Disability Insurance Benefits and Supplemental Security Income on January 13, 2004. (T-40). Upon the denial of her application and after reconsideration, Plaintiff timely filed a request for a hearing, and on March 28, 2006, a hearing was held. (T-469-497). On April 18, 2006, the ALJ entered an unfavorable ruling (T-40-47), but the Appeals Council subsequently remanded Claimant's case for further review (T-116-119).

Thereafter on October 28, 2008, a second administrative hearing was held in front of a different ALJ. (T-497-529). The ALJ again found that Claimant was not disabled in a decision dated January 6, 2009. (T-17-23). The Appeals Council denied Claimant's request for review, and this appeal followed.

## Statement of Facts and Evidence

Claimant's applications for SSI and DIB benefits allege a disability beginning on June 1, 2000, due to strokes, heart attack, high blood pressure, asthma, bronchitis and back pain. (T-151, 169). After careful consideration of the record, including hearing testimony from vocational expert Deborah Bunn-Durham, and Claimant, the ALJ concluded that Claimant suffered from stroke, asthma, hypertension and degenerative disc disease. (T-19). Although the ALJ considered these impairments to be severe within the meaning of the Regulations, he concluded that the impairments, or any combination of alleged impairments, did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (T-20). The ALJ then found that Claimant had the residual functional capacity ("RFC")

to perform a limited range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b); that Claimant could not perform her past relevant work; and that there were jobs which existed in significant numbers in the national economy that Claimant could perform. (T-20-21).

## DISCUSSION

**I.    Did the ALJ err in determining Claimant's residual functional capacity by failing to properly consider the opinions of the treating and evaluating physicians?**

Claimant first argues that the ALJ committed reversible error where he improperly rejected the opinions of her treating physicians, Dr. Southerland, and a consultative examiner, Dr. Williams. (R-9, pp. 17-21). The regulations define medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 416.927(a)(2); *see* SSR 96-5p. An ALJ is not required to give significance to opinions of any medical provider where the opinion relates to issues reserved solely for determination by the Commissioner; this includes any physician's opinion which states that he finds the claimant disabled or that the claimant's impairments meet or equal any relevant listing. 20 C.F.R. § 416.927(e)(1), (2) & (3); SSR 96-5p. Determinations of disability or RFC "are not medical opinions . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of

5

disability." 20 C.F.R. § 416.927(e); *see* SSR 96-5p.

It is well settled that the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding it. *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985). A treating physician's report may be discounted when it is not accompanied by objective medical evidence or when it is conclusory. *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). The ALJ can also reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician. *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991); *see also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984). A medical opinion provided by a claimant's treating physician may be entitled to controlling weight if the ALJ finds "that the treating source's medical opinion is 'well-supported' by 'medically acceptable' clinical and laboratory diagnostic techniques. The adjudicator cannot decide a case in reliance on a medical opinion without some reasonable support for the opinion." SSR 96-2p. Additionally, the ALJ must find that the treating source's opinion is "not inconsistent" with other "substantial evidence" of record. *Id*. Even if a medical opinion is not entitled to controlling weight, however, the opinion of a treating physician is entitled to substantial or considerable weight unless good cause exists for not heeding it. *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985) (per curiam). "Good cause" exists when a treating physician's report is not accompanied by objective medical evidence or when it is conclusory. *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). The ALJ can also reject the opinion of any physician when the evidence supports a contrary conclusion or when it

is contrary to other statements or reports of the physician. *See Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991); *see also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984) (per curiam). The weight afforded a medical source's opinion on the issues of the nature and severity of a claimant's impairments is analyzed with respect to factors including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the evidence the medical source submitted to support the opinion, the consistency of the opinion with the record as a whole, and the specialty of the medical source. 20 C.F.R. § 416.927(d).

In support of her contention, Claimant cites *MacGregor v. Bowen*, which held that an ALJ must "clearly articulate the reasons for giving less weight to the opinion of a treating physician" to argue that the ALJ's failure to do so requires remand. *See MacGregor v. Bowen*, 786 F.2d 1050 (11th Cir. 1986). In *MacGregor,* the ALJ rejected the consulting psychologist's testimony as internally inconsistent and at odds with other evidence in the record and determined that this rejection was not supported by substantial evidence. 786 F.2d 1050, 1053 (11th Cir. 1986). The Appeals Council overturned the ALJ's disability determination, finding that the psychologist's determination that the claimant was "intelligent enough to understand and follow orders and to solve problems," to be inconsistent with his diagnosis of depression. The Eleventh Circuit Court of Appeals found no inconsistency and reminded the appeals counsel that "highly intelligent and able people do fall prey to crippling depression." *MacGregor*, 786 F.2d at 1053-4.

Here, it is found that the ALJ articulated his reasons for giving less weight to the

opinions of Claimant's treating physician, Dr. Southerland, and the consultative examiner, Dr. Williams, and that his reasons constitute good cause. The ALJ based the decision on the evidence of record, including the treatment notes of Dr. Southerland which were inconsistent with his opinion of her ability to perform work-related activities (T-373-375), the opinions of the consultative examiners, as well as the assessments of the state agency medical consultants, to include Dr. Williams, and Dr. Dacunha, respectively. (T-20-21). The ALJ further found that the symptoms and limitations as subjectively alleged by the Claimant were credible only to the extent that she could perform work as prescribed by his RFC finding. *Id*.

Upon review of the entire record, the ALJ appears to have committed no error in weighing or discounting the opinions of Claimant's treating physicians, nor any error in evaluating the medical evidence, and substantial evidence supports his decision.

**II.     Did the ALJ err at Step Five in relying on the Vocational Expert's testimony which was inconsistent with the DOT?**

Claimant next contends that the ALJ erred in relying on the testimony of the Vocational Expert, whose testimony was inconsistent with the *Dictionary of Occupational Titles*. (R-9, p. 22). Social Security Ruling 00-4p specifically states:

> Occupational Evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearing level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to

whether or not there is such consistency.

In this case, after listening to the VE's testimony regarding Claimant's past relevant work and the responses to the ALJ's hypothetical questions, the ALJ asked the VE if her testimony was consistent with the DOT. (T-527). No conflicts were noted by the VE during her testimony. Because there was no "apparent conflict" between the VE's testimony and the DOT, the ALJ was not required under SSR 00-4p to elicit a "reasonable explanation" from the VE as to the supposed conflict. Furthermore, this court has held that where:

> The question is whether remand is warranted when the conflict between the VE's testimony and the DOT is not identified during the hearing or in the ALJ's decision. The testimony of the vocational expert was unchallenged, as plaintiff was represented by counsel at the hearing and the VE was subject to cross examination. Courts that have considered this issue have refused to remand such cases. In short, the ALJ need not independently corroborate the VE's testimony and should be able to rely on such testimony where no apparent conflict exists with the DOT.

*Massey v. Astrue,* 2008 WL 623196 (M.D.Ga., 2008)(citations omitted). The ALJ properly relied on the testimony of the VE and Claimant's attorney, who utilized his right to cross examine the VE regarding any conflict between her testimony and the DOT as to her "fingering" limitation. Therefore, no error is found in the ALJ's reliance on the testimony of the VE.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation

9

with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

THIS the 16th day of June, 2010.

                                                **S/ G. MALLON FAIRCLOTH**
                                                **UNITED STATES MAGISTRATE JUDGE**

eSw